IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLARD EUGENE BAYS,

    Plaintiff,

v.                                      Civil Action No. 5:06CV103
                                                       (STAMP)
E.T. WENSELL, Personally and on behalf
of the Tygart Valley Regional Jail,
WYETTA FREDERICKS, Executive Director
WV Regional Jail and Correctional Facility,
DR. CARL HOFFMAN, Agent of Process for
PrimeCare Medical of WV, Inc.,
JIM RUBENSTEIN, Commissioner of
WV Division of Corrections and
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se plaintiff and state inmate, Willard Eugene Bays, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff alleges that the defendants have refused to provide him treatment and care to alleviate a painful condition in his right knee. The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915A. Magistrate Judge Seibert determined that summary dismissal was not appropriate and directed the Clerk to issue a summons for each of the defendants.

Thereafter, defendant Jim Rubenstein filed an answer as well as a motion to dismiss or motion for summary judgment. Defendants, E.T. Wensell, Administrator of the Tygart Valley Regional Jail ("TVRJ"), and Wyetta Fredericks, Executive Director of the West Virginia Regional Jail and Correctional Facility Authority, filed a motion to dismiss or, in the alternative, for summary judgment. Defendants, PrimeCare Medical of West Virginia ("PrimeCare") and Dr. Carl Hoffman, filed a motion to dismiss the complaint or an alternative motion for summary judgment. Roseboro notices were issued to the plaintiff regarding each of the defendants' motions. The plaintiff filed a response opposing the motions to dismiss.

Subsequently, Magistrate Judge Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice for failure to state a claim. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of this report. No objections were filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

2

unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court will review the report and recommendation of the magistrate judge for clear error.

### III. Discussion

A. Claims Against the Tygart Valley Regional Jail and PrimeCare

This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's complaint as to the TVRJ and PrimeCare should be dismissed with prejudice. Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Neither the TVRJ nor PrimeCare constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)(holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993)(the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that the TVRJ and PrimeCare are not proper parties to this action.

3

B. <u>Claims Against E.T. Wensell, Wyetta Fredericks, and Jim Rubenstein</u>

The magistrate judge correctly noted that there is no <u>respondeat superior</u> liability pursuant to 42 U.S.C. § 1983. <u>See Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978). Rather, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1143 (4th Cir. 1982), <u>abrogated on other grounds by</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991).

A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendants E.T. Wensell, Wyetta Fredericks, or Jim Rubenstein were personally involved in any alleged deprivation of the plaintiff's constitutional rights. Further, the plaintiff does not make any allegations which reveal the presence of the required elements for supervisory liability. Thus, the magistrate judge found that the plaintiff fails to state a claim against E.T. Wensell, Wyetta Fredericks, and Jim Rubenstein in their personal capacities.

To the extent that the plaintiff alleges that E.T. Wensell, Wyetta Fredericks, and Jim Rubenstein are liable in their official capacities, the magistrate judge also determined that the plaintiff fails to state a claim in that respect. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.

This Court finds no clear error in the magistrate judge's determination. The plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights. Accordingly, because the plaintiff fails to state a claim upon which relief can be granted as to E.T. Wensell,

5

Wyetta Fredericks, and Jim Rubenstein, the plaintiff's claim against those defendants, in their personal and official capacities, must be dismissed with prejudice.

C.   Claims Against Dr. Carl Hoffman

The magistrate judge's recommendation that the plaintiff's claim against Dr. Carl Hoffman should be dismissed is not clearly erroneous. To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A health care provider's actions constitute indifference to a serious medical need when the treatment, or lack thereof, is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnoses or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

The magistrate judge determined that each time the plaintiff complained about knee pain, he was seen in a timely manner and was prescribed appropriate medication. Further, the magistrate judge found that the fact that the plaintiff did not receive ACL surgery while incarcerated at the TVRJ, in and of itself, does not

constitute the type of deliberate indifference necessary to establish a claim for cruel and unusual punishment. Finally, the magistrate judge noted that Dr. Hoffman does not appear to have ever had any contact with the plaintiff; rather, the plaintiff named him in his complaint as the "agent of Process for PrimeCare." This Court finds no clear error in the magistrate judge's recommendation that the plaintiff's claim against Dr. Hoffman be dismissed with prejudice.

## IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The following motions to dismiss are GRANTED: (1) "Defendant Jim Rubenstein's Motion to Dismiss or for Summary Judgment;" (2) Defendant E.T. Wensell's and Wyetta Fredericks' "Motion to Dismiss or in the Alternative for Summary Judgment;" and (3) "Motion to Dismiss Complaint and Alterative Motion for Summary Judgment on behalf of Defendants PrimeCare Medical of West Virginia, Inc. and Dr. Carl Hoffman." Accordingly, it is ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

7

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 24, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE